UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR RUIZ GARCIA,

       Petitioner,

v.                                 Case No.: 2:26-cv-00153-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

       Respondents,
_____/

## OPINION AND ORDER

Before the Court are Victor Ruiz Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 10), and Ruiz Garcia's reply (Doc. 11). For the below reasons, the Court grants the petition.

Ruiz Garcia is a native and citizen of Mexico who entered the United States in 2006. The Department of Homeland Security ("DHS") dismissed a prior removal proceeding in 2024. Immigration and Customs Enforcement ("ICE") apprehended Ruiz Garcia on January 12, 2026. He is currently detained at the facility known as Alligator Alcatraz without the opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Ruiz Garcia. The distinction matters because § 1225(b)(2) mandates

detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Ruiz Garcia asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Ruiz Garcia's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Ruiz Garcia has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

2

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Ruiz Garcia before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. To be clear, subjecting Ruiz Garcia to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Ruiz Garcia receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Victor Ruiz Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Ruiz Garcia for an individualized bond hearing before an immigration judge or (2) release Ruiz Garcia under reasonable conditions of supervision. If the respondents release Ruiz Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1